IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WILSON, individually, and on behalf of members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>        Plaintiff,<br><br>    v.<br><br>BEST BUY COMPANY, INC., a Minnesota company, and DOES 1 through 100, inclusive,<br><br>        Defendants. | 2:10-cv-3136-GEB-KJN<br><br>ORDER DENYING MOTION TO REMAND[*] |

Plaintiff moves for an order remanding this case to the Superior Court of the State of California in the County of Sacramento, from which Defendant Best Buy Company, Inc. ("Best Buy") removed this case. Best Buy removed this case under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff argues this case should be remanded because Best Buy has failed to satisfy the $5,000,000 amount in controversy required before removal is appropriate under the CAFA. Best Buy opposes the motion.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  The CAFA "vests district courts with 'original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(2)).

## I. BACKGROUND

Plaintiff alleges in his "class action complaint" that he and other Geek Squad Installers, who were employed by Best Buy, worked over eight hours per day and/or forty hours per week and did not receive overtime compensation. (Compl. ¶ 20.) Plaintiff defines the proposed class as follows: "All current and former 'Geek Squad Installers,' or persons with similar titles and/or similar job duties, who worked for Best Buy Co., Inc. in the State of California at any time from October 13, 2006 to final judgment." (Compl. ¶ 36.)

Plaintiff alleges the following six claims: 1) failure to pay overtime wages proscribed in sections 510 and 1198 of the California Labor Code; 2) failure to timely pay wages due at termination proscribed in sections 201 and 202 of the California Labor Code (characterized as "waiting time penalties"); 3) failure to provide accurate wage statements proscribed in section 226(a) of the California Labor Code; 4) failure to pay wages to an employee who was required to report for work but who was not put to work, proscribed in section 5 of the Industrial Welfare Commission Wage Order (characterized as "reporting time pay"); 5) civil penalties under California Labor Code section 2698, *et seq.*; and 6) relief for unfair business practices under sections 17200, *et seq.* of the California Business and Professions Code. (FAC ¶¶ 47-101.)

2

Plaintiff's "class action complaint" does not allege a specific amount in controversy.

## II. LEGAL STANDARD

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

In support of its position that the amount in controversy in Plaintiff's putative class action exceeds $5,000,000, Best Buy presents the declaration of Bonny Nelson, the payroll manager for Best Buy. (Opp'n to Mot. to Remand ("Opp'n") 6:20-25.) Nelson declares, "based on [her] personal knowledge and review of the business records of Best Buy[,]" Best Buy employed "637 Geek Squad Installers in California [and those employees] worked a total of approximately 76,649 workweeks, and earned an average hourly rate of approximately $18.47 per hour." (Decl. of Nelson in Supp. of Opp'n ("Decl. of Nelson") ¶¶ 1, 4.) Nelson also declares that "[f]rom the period of October 13, 2007 to October 13, 2010, Best Buy Stores terminated at least 162 Geek Squad employees." Id. ¶ 3. Based on these averments, Best Buy calculates the amount in controversy in Plaintiff's claims as follows: $2,123,177 for the unpaid overtime; $567,398 for waiting time penalties; $1,089,250 for the wage statement violations; and $2,831,414 for reporting time pay. (Opp'n 7:16-10:6.)

1           Plaintiff counters since Best Buy has not presented admissible "employee records reflecting hours worked, shifts worked, weeks worked, etc.," Best Buy has not sustained its burden of showing "that the total amount in controversy exceeds $5,000,000." (Mot. to Remand ("Mot.") 1:11-14.) Specifically, Plaintiff argues Nelson's declaration "fails to identify [the records she reviewed,] what information is compiled, how the records are maintained, or when the information was recorded." Id. 5:20-21. Plaintiff also argues Nelson's declaration violates the best evidence rule since Nelson "testifies about the purported contents of the unidentified records." Id. 5:22-23. Best Buy counters that it "is not required to produce extensive company records to support its amount in controversy calculations." (Opp'n 6:3-4.)

           Although it is unclear how Nelson used the records she reviewed, Nelson also declares her averments are based on her personal knowledge. This evidence, combined with the allegations in Plaintiff's complaint, "establish[es] that it is more likely than not that the amount in controversy exceeds [$500,000]." Sanchez, 102 F.3d at 404 (internal quotation marks omitted).

           Plaintiff also argues Best Buy overestimates the amount in controversy in Plaintiff's unpaid overtime claim by improperly "assum[ing], without evidentiary support, that [every member of the class was denied] one hour of overtime pay per week[.]" (Pl.'s Reply to Opp'n ("Reply") 9:15-16.) However, Plaintiff has alleged that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day . . . [and] in excess of forty (40) hours in a week." (Compl. ¶¶ 54-55.) In light of these allegations, Best Buy's evidence is sufficient to show the plausibility of its unpaid overtime amount in controversy.

Plaintiff also argues that Best Buy miscalculates the amount in controversy in Plaintiff's waiting time penalty claim by assuming that all "former employees were entitled to damages for the entire 30 day period" recoverable under the statute. (Reply 10:6-7.) However, Plaintiff's allegations support Best Buy's waiting time penalty calculation since Plaintiff alleges "Defendants intentionally and willfully failed to pay Plaintiff and the other class members their wages . . . within seventy-two (72) hours of . . . [the employees] leaving Defendants' employ" and therefore, "Plaintiff and the other class members are entitled to recover the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203." (Compl. ¶¶ 62, 65.)

Plaintiff also argues Best Buy's "calculation of the reporting time pay is flawed because it speculates that the entire class . . . were sent home without work at least once per week[.]" (Reply 9:11-12.) Plaintiff alleges in his Complaint that "Defendants intentionally and willfully failed to compensate Plaintiff and the other class members for show up [pay] as described in IWC Wage Order section (5)." (Compl. ¶ 74.) In light of this allegation, Best Buy has provided plausible evidence supporting its position on the amount in controversy concerning this claim.

### IV. CONCLUSION

For the stated reasons, Plaintiff's remand motion is denied.

Dated: February 8, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

5